UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CAROLYN FISH, on behalf of her minor child,  :
A.F.,                                                                            :
                    Plaintiff,                                   :
                                                                                     :
v.                                                                                 :
                                                                                     :    **ORDER**
MILLBROOK CENTRAL SCHOOL                               :
DISTRICT; MILLBROOK CENTRAL                            :    23 CV 1429 (VB)
SCHOOL DISTRICT BOARD OF                                 :
EDUCTION; SUPERINTENDENT LAURA            :
MITCHELL; PRINCIPAL ERIC SEIPP; and          :
TEACHER SAMANTHA HOLSBORG,                   :
                    Defendants.                               :
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/24

        Plaintiff commenced this action on February 21, 2023, arising from student bullying and harassment that plaintiff's minor child, A.F., allegedly experienced at Millbrook High School based on her protected status as a homosexual, defendants' alleged deliberate indifference and failure to intervene to protect A.F.'s rights, and defendants' alleged retaliation against A.F. for reporting the alleged harassment.

        On April 29, 2024, plaintiff moved for an order pursuant to S.D.N.Y. Local Civil Rule 83.2 to approve settlement of this matter on behalf of A.F. (Doc. #48). In support of the motion, plaintiff submitted a declaration from plaintiff's counsel (Doc. #48), a declaration from plaintiff (Doc. #49), a copy of the settlement agreement and general release (Doc. #48-2), and plaintiff's counsel's retainer agreement and itemized list of expenses (Docs. ##48-3, 48-4).

        As an initial matter, the Court finds there is good cause for dispensing with the New York State statutes and rules relating to settlement of actions by or on behalf of infants, because a quick and efficient settlement of this action will benefit A.F. by avoiding the risks and costs of continued litigation. See S.D.N.Y. Local Civil Rule 83.2(a)(1).

        In reviewing the proposed settlement and supporting documents for fairness to A.F., the Court has considered the following factors:

(i)     as described in paragraph 1 of the settlement agreement, as well as paragraph 6 of plaintiff's counsel's declaration, defendants have offered a sum of money to settle all of plaintiff's claims in this action, which was negotiated and accepted by plaintiff during a private mediation;

(ii)    as described in paragraphs 9 and 10 of plaintiff's counsel's declaration, of this amount, a sum of money will be distributed directly to plaintiff for the use and benefit of A.F.; plaintiff affirms "these funds are for A.F.'s benefit, not [her] own, and they will be used for [A.F.'s] benefit, not [her] own" (Doc. #49 ¶ 13);

    (iii)    in the view of plaintiff's counsel, the creation of a trust or other vehicle for managing A.F.'s settlement proceeds would be impractical given that A.F. will reach the age of majority in a few months, and the creation of a trust may require the expenditure of significant settlement funds;

    (iv)    in the view of plaintiff's counsel, the settlement amount is "substantial and compares favorably to settlements offered in Title IX cases," and is particularly advantageous to A.F. at this stage to avoid the costs of taking defendants' depositions (Doc. #48 ¶ 15);

    (v)    plaintiff agreed when engaging plaintiff's counsel that counsel would receive one-third of gross settlement proceeds recovered plus expenses and disbursements (Doc. #48-3); and

    (vi)    plaintiff states plaintiff's counsel "filed a notice of claim, communicated with the District and its lawyers on our behalf, prepared both me and A.F. to testify, filed the case, gathered documents from us, prepared us for depositions, and then eventually mediation" (Doc. #49 ¶ 7).

In addition, the Court finds the amount of attorney's fees, which are one-third of plaintiff's gross recovery, in addition to reimbursement of expenses in the amount described in paragraphs 8 and 9 of plaintiff's counsel's declaration, to be fair and reasonable under the circumstances. Plaintiff's request that the remaining settlement funds, as specified in paragraph 10 of plaintiff's counsel's declaration, be disbursed directly to plaintiff to be used for A.F.'s benefit is hereby approved.

Based on the foregoing, the Court finds the settlement is fair and reasonable to A.F. Therefore, plaintiff's motion for an order approving the settlement is GRANTED.

Accordingly, this case is dismissed. The Clerk is instructed to close this case.

Dated: May 3, 2024
White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge